IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

INVESTOOLS, INC.,              )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:06cv210(JCC)
                               )
INVESTTOOLS.COM and            )
INVESTTOOL.COM,                )
                               )
          Defendants.          )

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's
motion for summary judgment.  For the following reasons, the
Court will deny Plaintiff's motion until Plaintiff can
demonstrate to the Court that it has satisfied the publication
requirement of 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).

**I.  Background**

Plaintiff, INVESTools, Inc., has brought this *in rem*
action pursuant to the Anticybersquatting Consumer Protection Act
("ACPA"), 15 U.S.C. § 1125(d), against the internet domain names
investtools.com and investtool.com.  Plaintiff holds four
separate United States Trademark Registrations for the mark
"INVESTOOLS" and offers a range of investor information services
and training courses under these marks.  Plaintiff used an
INVESTOOLS mark in commerce at least as early at May 23, 1995,
and Plaintiff has used the marks consistently since at least as

-1-

early as 1997.  Plaintiff also maintains a website, www.investools.com, which offers information about Plaintiff's products and services.  Over time, Plaintiff has received media attention in numerous national publications and websites, which have recognized www.investools.com as a top online source for investment and marketplace newsletters, research, advice, tools, and information.

The domain names that are Defendants in this action, investtools.com and investtool.com, are both linked to websites that promote and sell investor training services.  Both domain names are currently registered to KingWeb, Inc., which has its address in Canada.  Upon filing this action, Plaintiff mailed copies of the complaint and the first amended complaint to KingWeb's Canada address.  Plaintiff also sent copies of the complaint and the first amended complaint to the email address listed as the registrant, administrative, and technical contact for both Defendant domain names.

On April 4, 2006, Plaintiff filed a motion for summary judgment.  Defendants, who were represented in this action until their attorney withdrew on June 15, 2006, have not filed any documents in opposition to Plaintiff's summary judgment motion.[1] Plaintiff's motion is currently before the Court.

---

[1] Defendants also did not appear at the oral argument that was held on this motion on July 7, 2006.

## II.  Standard of Review

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party.  *See id.*  In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict.  *See id.*  As the Fourth Circuit explained,

> [W]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party

-3-

has failed to make a sufficient showing on an essential
element of the case that the non-moving party has the
burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992)

(citations omitted), *abrogated on other grounds in Hazen Paper
Co. v. Biggins*, 507 U.S. 604 (1993).

### III.  Analysis

There are several requirements that Plaintiff must
establish in order to prevail in an *in rem* action brought under
the ACPA.  First, Plaintiff must show that jurisdiction is proper
in this district.  *See Am. Online, Inc. v. AOL.org*, 259 F. Supp.
2d 449, 451 (E.D. Va. 2003).  The ACPA provides for jurisdiction
over an *in rem* action "in the judicial district in which the
domain name registrar, domain name registry, or other domain name
authority that registered or assigned the domain name is
located."  15 U.S.C. § 1125(d)(2)(A).  The company maintaining
the domain name registry for all ".com" domain names is Verisign,
Inc.  *See, e.g.*, *Cable News Network L.P., L.L.L.P. v. CNNews.com*,
177 F. Supp. 2d 506, 514 n.16 (E.D. Va. 2001), *vacated in part on
other grounds*, 56 Fed. Appx. 599 (4th Cir. 2003).  Verisign's
registry for ".com" domain names is located within the Eastern
District of Virginia.  *See id.* at 516.

Second, Plaintiff must establish that it is unable to
obtain *in personam* jurisdiction over a person who would have been

-4-

a defendant in a civil action or that it was unable to find such a person through the exercise of due diligence.  *See* 15 U.S.C. § 1125(d)(2)(A)(ii).  Plaintiff has shown that the current registrant of the Defendant domain names, KingWeb, Inc., is a Canadian entity.  There is no evidence indicating that KingWeb has any contacts with the United States or Virginia.  Indeed, in their answer to Plaintiff's amended complaint, Defendants conceded that there was no basis for the exercise of personal jurisdiction over KingWeb by a United States court.  (*See* Answer, ¶ 10.)  Thus, the Court finds that Plaintiff is unable to obtain *in personam* jurisdiction over a person who would have been a defendant in this civil action.

Third, Plaintiff must demonstrate that it has perfected service of process as prescribed by the ACPA.  *See Am. Online, Inc.*, 259 F. Supp. 2d at 451.  The ACPA provides that the following actions shall constitute service of process:

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; *and*

> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II) (emphasis added).  *See also* 15 U.S.C. § 1125(d)(2)(B) ("The actions under subparagraph (A)(ii) shall constitute service of process.").  In this case, Plaintiff claims that it has satisfied the service of process requirements

by mailing the complaint and amended complaint to KingWeb's Canada address and emailing the same to the email address associated with the Defendant domain names.

Although Plaintiff's actions were sufficient to satisfy subparagraph (aa), Plaintiff has not yet taken any action to satisfy the publication requirement in subparagraph (bb). This Court has previously construed the ACPA's publication requirement as mandatory, even where a plaintiff has provided the registrant with actual notice of the civil action. *See Cable News Network*, 177 F. Supp. at 513-14. The Court will not grant summary judgment in favor of Plaintiff until Plaintiff can establish that it has publicized a notice of this action in Toronto, Ontario.

Fourth, Plaintiff must establish the elements of trademark infringement, pursuant to 15 U.S.C. § 1125(a), or alternatively, trademark dilution, pursuant to 15 U.S.C. § 1125(c). To establish a trademark infringement claim under 15 U.S.C. § 1125(a), Plaintiff must show

> (1) that it possesses a mark; (2) that the defendant
> used the mark; (3) that the defendant's use of the mark
> occurred in commerce; (4) that the defendant used the
> mark in connection with the sale, offering for sale,
> distribution, or advertising of goods or services, and
> (5) that the defendant used the mark in a manner likely
> to confuse consumers.

*People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) (internal quotation marks omitted).

Based on the evidence submitted by Plaintiff, the Court finds that Plaintiff has registered four marks bearing the INVESTOOLS name with the United States Patent and Trademark Office.  KingWeb, as the domain name registrant, has used these marks by operating websites at the domain names investtools.com and investtool.com.  KingWeb has linked these domain names to websites that promote and sell investor services, thereby using the marks in commerce and in connection with the sale of goods and services.

Finally, the Court finds that the marks have been used in a manner that is likely to confuse consumers.  Investtools.com and investtool.com are both virtually identical to the INVESTOOLS marks, with the former bearing an additional "t" and the latter using the singular form of the word.  The misspelling of a trademark to include a duplicate letter is unlikely to diminish the likelihood of confusion.  *See, e.g.*, *Aladdin Indus., Inc. v. Alladin Lamp & Shade Corp.*, 556 F.2d 1263, 1265 (5th Cir. 1977) (holding that a likelihood of confusion existed as between ALADDIN and ALLADIN).  Likewise, the difference between the singular form and plural form does not serve to distinguish the Defendant domain names from Plaintiff's mark.  *See In re Belgrade Shoe Co.*, 411 F.2d 1352, 1353 (C.C.P.A. 1969) (holding that there was a likelihood of confusion between COL'EEJUNS' and COLLEGIENNE, which were pronounced similarly).

-7-

The only other difference between the Defendant domain names and Plaintiff's marks is the presence of the top-level domain name signifier ".com."  The addition of a ".com" to Plaintiff's mark is of minimal importance in distinguishing the mark and diminishing the likelihood of confusion, as many internet users are likely to associate the Defendant domain names with the INVESTOOL mark.  *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999).  The differences between Plaintiff's marks and the Defendant domain names are minute at best.  Furthermore, both Defendant domain names are linked to websites that promote and sell investor training services.  The Court finds that the substantial similarities between the domain names and Plaintiff's marks, when applied in the same product market, would create a significant likelihood of confusion.

Plaintiff has established each of the elements of a trademark infringement claim pursuant to 15 U.S.C. § 1125(a). Plaintiff has also established the majority of the procedural requirements in order to be entitled to summary judgment in this ACPA *in rem* action.  Until Plaintiff satisfies the publication requirement of 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), however, the Court cannot grant summary judgment.

**IV.   Conclusion**

For the foregoing reasons, the Court will deny Plaintiff's motion for summary judgment until Plaintiff can demonstrate to the Court that it has satisfied the publication requirement of 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).  An appropriate Order will issue.


July 17, 2006                    _____/s/_____
Alexandria, Virginia                     James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE